FILED
SUPERIOR COURT
OF GUAM

2020 DEC 16 PM 3: 49

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| RITA B. CARBULLIDO AS SPECIAL ADMINISTRATIX FOR THE ESTATE OF JOHN T. BLAS, DECEASED. | **CRIMINAL CASE NO.: CV108-19** |
| Plaintiff, | **DECISION AND ORDER** Re: Defendant's Motion to Dismiss or For Summary Judgment |
| vs. | |
| ANN A. KRUSEE, | |
| Defendant. | |

**INTRODUCTION**

This matter came before the Honorable Judge Anita A. Sukola on September 23, 2020, upon Defendant's Motion to Dismiss or For Summary Judgment. Plaintiff, Rita B. Carbullido as Special Administratrix for the Estate of John T. Blas ("The Estate"), is represented by Attorney Darleen E. Hiton of Phillips & Bordallo, P.C. The Defendant, Ann A. Krusee ("Krusee"), is represented by Attorney Gary W.F. Gumataotao. For the reasons set forth below, having reviewed the moving papers and the arguments therein, the Court **GRANTS** the Defendant's Motion to Dismiss or For Summary Judgment.

**BACKGROUND**

Krusee and Plaintiff, John T. Blas, purchased a condominium, Dai Ichi Unit No. A-21, on February 28, 2017. According to the Estate, they "entered into an agreement

CF0663-18, People of Guam v. Tenorio
Decision and Order (Motion to Dismiss).

Page 1 of 8

whereby . . . . John T. Blas provided . . . . Ann A. Krusee monetary funds," to be used to renovate and repair the condominium unit. Compl. at 2 (Jan. 29, 2019). John T. Blas died November 13, 2017. *Id.* Krusee allegedly only used a small amount of the $46,910 given to her by John T. Blas, for repairs and renovations in violation of their alleged agreement. *Id.* The Estate, in response, filed a complaint claiming breach of contract, unjust enrichment, and fraud. Compl. (Jan. 29, 2020).

Krusee filed a Motion to Dismiss or For Summary Judgment on September 23, 2020, claiming that there existed no written contract as to the renovation and repairs of the condominium as required by the statute of frauds, or alternatively, the Estate has not offered sufficient evidence proving the existence of an oral contract. Def.'s Mot. to Dismiss or For Summ. J. (Sept. 23, 2020). Therefore, according to Krusee, the claim for breach of contract must be dismissed or otherwise disposed of through summary judgment. *Id.* The Estate argues that there is a genuine issue of material fact regarding the existence of an oral contract, and the statute of frauds is not applicable to this case. Pl.'s Opp. To Def.'s Mot. to Dismiss or For Summ. J. (Nov. 16, 2020). The Court took this matter under advisement without oral arguments on December 10, 2020.

## DISCUSSION

### A. The Motion to Dismiss Has Been Converted to a Motion For Summary Judgment

Guam law provides, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Guam R. Civ. P. 12(c). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14 (*citing Mercado Arocho v. United States*, 455 F. Supp. 2d 15, 19 (D.P.R. 2006)). A court need not give express notice that it will treat a Motion to Dismiss as a Motion for Summary Judgment, but rather, "the proper question is whether the nonmovant was on that notice that the . . . court could treat the motion as one for Summary Judgment, not [whether] the court would in fact do so." *Gen. Retail Servs., Inc.*

CF0663-18, People of Guam v. Tenorio
Decision and Order (Motion to Dismiss).

Page **2** of **8**

*v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 784 (5th Cir. 2007). Further, "motions for summary judgment that are presented to the court as motions in the alternative constitute sufficient notice to a non-moving party that the court may convert a motion to dismiss into a motion for summary judgment." *Carver v. Plyer,* 115 Fed. Appx. 532, 536 (3rd Cir. 2004).

Here, Krusee relies on affidavits submitted by the Plaintiff and the Defendant in her Motion to Dismiss or For Summary Judgment. See Def.'s Mot. to Dismiss or For Summ. J. (Sep. 23, 2020). These affidavits were not attached to the complaint nor heavily relied upon in the pleading stage. Thus, the Rule 12(b)(6) motion, should be converted to a Rule 56 motion, as this Court is considering matters outside of the pleadings. Further, the Estate was on notice that a conversion was possible because Krusee titled her motion in the alternative. Therefore, pursuant to Guam Rules of Civil Procedure Rule 12(c), the Court will convert this motion to a Motion for Summary Judgment.

## B. Summary Judgment Standard

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that, taken in the light most favorable to the non-movant, the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). See *Izuka Corp. v. Kawasho International, (Guam), Inc.,* 1997 Guam 19 ¶ 7, 8. A genuine issue of material fact exists "if there is 'sufficient evidence' which established a factual dispute requiring resolution by the fact-finder." *Fajardo ex rel. Fajardo v. Liberty House Guam* 2000 Guam 4 ¶ 5 (*quoting Izuka Corp.,* 1997 Guam 19 ¶ 7.). A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of a suit." *Id.*

A court must draw inferences and view the evidence in the light most favorable to the nonmoving party. See *Edwards v. Pacific Financial Corp.,* 2000 Guam 27 ¶ 7. See also *Castro v. Peck, dba B.B.H.S. Contracting and Standard Plytrade Corp.,* 1998 Guam 10, ¶ 7. "If the movant can demonstrate that there are no issues of material fact, the non-movant cannot merely rely on allegations . . . . but must produce probative evidence."

CF0663-18, People of Guam v. Tenorio
Decision and Order (Motion to Dismiss).

Page **3** of **8**

*Edwards*, 2000 Guam 27 ¶ 7. Thus, the court's "ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Izuka*, 1997 Guam 10 ¶ 8.

### A. The Statute of Frauds is Inapplicable To These Facts

Guam has codified the common law Statute of Frauds with the relevant section reading, in part:

### § 86106. What Contracts must be Written
The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged . . .

> 1. An agreement that by its terms is not be performed within a year of its making thereof; . . .
>
> 5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or an interest therein . . .

18 GCA § 86106.

It is undisputed that there exists no formal written contract for the repairs and renovations. Krusee argues that repairs and renovations are improvements which run with the land and thus fall within subsection five, and are barred by the statute of frauds. Krusee cites the proposition that "improvements include 'a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable." Def.'s Mot. to Dismiss or for Summ. J. at 6 (Sept. 23, 2020) (*quoting Integrity, Floorcovering, Inc., v. Broan-Nutone, LLC*, 521 F.3d 914, 917-918 (8th Cir. 2008)). Therefore she claims, "the alleged contract deals with an interest in real property by virtue of valuable improvements," and is thus unenforceable without a writing. Def.'s Mot. to Dismiss or For Summ. J. at 7 (Sept. 23, 2020).

In response, the Estate argues that the claim against Krusee "did not involve the purchase, conveyance, or a grant of an interest in real property," and therefore Title 18 of the Guam Annotated Code, Section 86106(5), does not apply. Pl.'s Opp'n to Def.'s Mot.

CF0663-18, People of Guam v. Tenorio
Decision and Order (Motion to Dismiss).

Page **4** of 8

to Dismiss or For Summ. J. (Nov. 16, 2020). Therefore, according to the Estate, the contract is one for services which could have been completed within a year, and thus, does not implicate the statute of frauds.

Here, the alleged oral contract did not involve, "the sale of real property or an interest therein." 18 GCA § 86106. In California, it has been held, "[a] parol promise to pay for improvements made on land is not within the statute of frauds." *Hastings v. Matlock*, 217 Cal. Rptr. 856, 863 (Ct. App. 1985). In *Hastings*, as in the case before us, "the . . . agreement did not contemplate a *transfer* of title to the improvements, but rather *payment* of their costs." *Id.* (emphasis in original). See also *Gauthier v. Blanco*, 2002 Mass. App. Div. 121, (Mass. Dist. Ct. 2002) (*holding* there is no requirement for a contract for improvements to be in writing under the statute of frauds). Therefore, as this alleged oral contract was not for the transfer of interest or ownership in the improvements from one party to another, but rather the payment for the goods and the installation of the improvements, the statute of frauds is not implicated under § 86106(5).

However, a contract can also fall within the statute of frauds, if it cannot be completed within one year. See 18 GCA § 86106(1). "Section 86106(1) is modeled after section 1624(1) of the California Civil Code." *Yoshida v. Guam Transport And Warehouse, Inc.*, 2013 Guam 5 ¶ 53. Therefore, California decisions interpreting Section 1624(1) are persuasive. In order for the statute of frauds to be implicated, "the agreement must be one of which it can truly be said *[a]t the very moment it is made*, '[t]his agreement is not to be performed within one year'; in general, the cases indicate that there *must not be the slightest possibility that it can be fully performed within one year.*" *Id.* (*quoting White Lighting Co. v. Wolfson*, 438 P.2d 345, 349 n. 2 (Cal. 1968) (emphasis in original).

Such an oral contract need not have language, "expressly stipulat[ing] that the contract shall be completed within one year," rather it only needs, "terms [that] are such that performance within a year is possible without a departure from such terms." *Hopper v. Lennen & Mitchell*, 146 F.2d 364, 368 (9th Cir. 1944). Further, the oral contract is valid, "even though it may not be performed, or is not likely to be performed, within a year." *Id.* There has been no offered evidence to suggest that performing the repairs and renovations could not have occurred within one year, and thus, the statute of frauds, as to Section 86106(1), is inapplicable to this case. Therefore, the statute of frauds does not apply to

CF0663-18, People of Guam v. Tenorio
Decision and Order (Motion to Dismiss).

Page **5** of **8**

these facts, and the oral agreement did not have to be in writing in order for the agreement to be binding.

**B. There Exist Genuine Issues of Material Facts In Regards to the Existence of Mutual Consent to Contract**

Alternatively, Krusee argues that "Plaintiff has failed to allege a prima facie case for an oral contract." Def.'s Mot. to Dismiss or For Summ. J. at 7 (Sept. 23, 2020). A contract under Guam law consists of: "(1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration." 18 GCA § 85102. "The question of whether an oral contract was formed is determined by looking to the intent of the parties." *Takano-Towa Guam Co., Ltd. v. Cox*, 1993 WL 128214 *5 (D. Guam) (*citing Beta Sigma Tau v. Shrine Civic Auditorium*, 323 P.2d 496, 499 (Cal. Dist. Ct. App. 1958). Further, "[t]he intention of the parties is a factual question to be determined by the trial court." *Id.* As such, Krusee claims that the Estate has offered no evidence to show that the parties consented to contract.

The Estate, argues in response, that evidence of Krusee's consent to contract exists because she accepted checks from the Decedent with the phrases "condo", "repair/condo", and "condo/paint supplies" written on the memo line. Pl.'s Opp'n to Mot. to Dismiss or For Summ. J. at 7 (Nov. 16, 2020); See also Rita B. Carbullido Decl. Ex. A. at 26-39 (Nov. 16, 2020). Further, the Estate supplies an affidavit of the Decedent which claims a contract was created. *Id.* at 25 ¶ 10.

Guam law states, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Guam R. Civ. P. 56(e). Here, the Estate has supplied checks which show payment was made for the purpose of, at least, repairing the condo, and obtaining paint supplies. See Rita B. Carbullido Decl. Ex. A. at 26-39 (Nov. 16, 2020). Under Title 18 of the Guam Annotated Code, Section 85102, the parties must have mutual consent for a contract to form. 18 GCA § 85102. "Consent is not mutual unless the parties agree upon the same thing in the same sense." *Stanford Hosp. and Clinics v. Multinational Underwriters, Inc.*, 2008 WL 205259 *2 (N.D. Cal. 2008). Further, "[m]utual consent is determined under an objective standard applied to the outward manifestations or

CF0663-18, People of Guam v. Tenorio
Decision and Order (Motion to Dismiss).

Page **6** of **8**

expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions of understandings." *Bustamante v. Intuit, Inc.*, 45 Cal. Rptr. 3d 692, 699 (Ct. App. 2006).

During Summary Judgment the Court must draw inferences in the light most favorable to the nonmovant. *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7. The offered checks, taken in the light most favorable to the Estate, create an inference that mutual consent was formed. "Where the existence of a contract is at issue and the evidence is conflicting or admits of more than one inference, it is for the trier of fact to determine whether the contract actually existed." *Bustamante*, 45 Cal. Rptr. 3d 692, 699 (Ct. App. 2006). Therefore, a reasonable jury could find that mutuality between the parties existed, and summary judgment is not appropriate as to the argument that the parties did not mutually consent to contract.

### C. There is No Valid Contract Because the Terms of the Alleged Agreement Were Not Definite.

Finally, Krusee argues that a contract cannot exist because the terms of the alleged contract were not definite. <u>See</u> Def.'s Mot. to Dismiss or For Summ. J. at 8 (Sep. 23, 2020). Krusee cites the proposition that, "in the case of alleging a defendant's breach of an oral contract, definite contractual terms are necessary to make the contract enforceable." *Mack v. Davis*, 2013 Guam 13 ¶ 33. Therefore, "[i]f a supposed contract does not provide a basis for determining what obligations the parties have agreed to, and hence does not make possible a determination of whether those agreed obligations have been breached, there is no contract." *Kahn Creative Partners, Inc., v. Nth Degree, Inc.*, 2011 WL 1195680 *4 (N.D. Cal. 2011). Further, "[w]here a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable." *Id. (citing Robinson & Wilson, Inc. v. Stone*, 110 Cal. Rptr. 675, 683 (Ct. App. 1973)). "An 'essential term,' however, is not merely a term that one of the parties views as 'essential' to inducing his or her assent . . . but rather a term integral to the contract itself." *Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1088 (D. Hawai'i 2001). As such, "terms of a contract must be sufficiently definite in all particulars essential to its enforcement." *Netbula, LLC v. BindView Development Corp.*, 516 F. Supp. 2d 1137, 1156 (N.D. Cal. 2007).

CF0663-18, People of Guam v. Tenorio
Decision and Order (Motion to Dismiss).

Page **7** of **8**

Here, according to the Estate, the contract was to "complete renovations and repairs to, and purchase the necessary supplies for the Condo." Pl.'s Opp'n to Mot. to Dismiss or For Summ. J. at 5 (Nov. 16, 2020). The Estate offers no evidence of more particular terms. Thus, it becomes impossible for the Court to determine whether a breach occurred because the terms of Krusee's performance obligation are unknown. She supposedly contracted "to complete renovations and repairs," however, without evidence as to what the renovations and repairs consisted of, the time in which they were to be completed, and the cost of each repair, it is impossible to determine whether a breach occurred, or the amount of damages owed due to any potential breach. Therefore, the Court finds the contract to be so uncertain and indefinite as to be void. Thus, as a matter of law, no contract existed, and as such, there can be no breach of contract. The Estate's claims for unjust enrichment and fraud remain untouched by this order.

## CONCLUSION

Based on the foregoing, Defendant Krusee's Motion to Dismiss or For Summary Judgment is **GRANTED**.

**SO ORDERED** this  12/16/2020  .

_____

**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam

...... VIA E-MAIL
acknowledge that an electronic
copy of the original was e-mailed to:
_D . Hiton_
_Glimmtutad_
Date: _12/...../20_
_____
Deputy Clerk, Superior Court of Guam

CF0663-18, People of Guam v. Tenorio
Decision and Order (Motion to Dismiss).

Page **8** of **8**